UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JCF RESEARCH ASSOCIATES, INC.,     ) <br>     ) <br>     Plaintiff,     ) <br>     ) <br>     v.     ) <br>     ) <br> THE MAYA GROUP, INC.,     ) <br> TOYS"R"US, INC.,     ) <br> WAL-MART STORES, INC.,     ) <br> AMAZON.COM, INC.,     ) <br> TARGET CORPORATION, and     ) <br> SEARS HOLDINGS CORPORATION,     ) <br>     ) <br>     Defendants.     ) <br>     ) | CIVIL CASE NO. _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiff, JCF Research Associates, Inc. ("JRA"), alleges in the afore-captioned matter as follows:

**PARTIES**

1. Plaintiff JRA is a New Jersey corporation with a principal place of business at 116 Hempstead Court, Madison, New Jersey 07940 and offices at 328 Daniel Webster Highway, Suite L2B, Meredith, New Hampshire 03253.

2. The first defendant named in this action is The Maya Group, Inc. ("Maya"). Upon information and belief, Maya is a California corporation having a principal place of business at 19823 Hamilton Avenue, Torrance, California 90502.

3. The second defendant named in this action is Toys"R"Us, Inc. ("ToysRUs"). Upon information and belief, ToysRUs is a New Jersey corporation having a principal place of business at One Geoffrey Way, Wayne, New Jersey 07470.

4. The third defendant named in this action is Wal-Mart Stores, Inc. ("Wal-Mart"). Upon

information and belief, Wal-Mart is an Arkansas corporation having a principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

5. The fourth defendant named in this action is Amazon.com, Inc. ("Amazon"). Upon information and belief, Amazon is a Washington corporation having a principal place of business at 410 Terry Avenue, North Seattle, Washington 98109.

6. The fifth defendant named in this action is Target Corporation ("Target"). Upon information and belief, Target is a Minnesota corporation having a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

7. The sixth defendant named in this action is Sears Holdings Corporation ("Sears"). Upon information and belief, Sears is an Illinois corporation having a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179 (all of the Defendants collectively are referred to as "Defendants" or "the Defendants").

## NATURE OF THE ACTION

8. This is a civil action for patent infringement arising under the patent laws of the United States (35 U.S.C. § 1, *et seq*.) and the common law.

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1338 and 1367.

10. All of the Defendants are subject to this Court's personal jurisdiction and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391, since all Defendants are and have been engaged in substantial and continuous business activities in this Judicial District.

## CLAIM FOR PATENT INFRINGEMENT

11. Plaintiff JRA repeats and incorporates by reference the allegations set forth in paragraphs 1-10 above.

12. JRA is the owner by assignment of U.S. Patent No. 5,415,151 ("the '151 Patent") (Ex. 1). JRA

has owned the '151 patent throughout the entire period of Defendants' infringing acts and still owns the patent.

13. Maya has infringed and continues to infringe the claims of the '151 Patent by making and/or importing into the United States, using, offering for sale and selling in the United States products such as its "Xploderz Night Fighterz" series (*e.g.*, models GEN-700 and GEN-1000) toy guns (the "Accused Products") (Ex. 2).

14. ToysRUs has infringed and continues to infringe the claims of the '151 Patent by using, offering for sale and selling the Accused Products in the United States (Ex. 3).

15. Wal-Mart has infringed and continues to infringe the claims of the '151 Patent by using, offering for sale and selling the Accused Products in the United States (Ex. 4).

16. Amazon has infringed and continues to infringe the claims of the '151 Patent by using, offering for sale and selling the Accused Products in the United States (Ex. 5).

17. Target has infringed and continues to infringe the claims of the '151 Patent by using, offering for sale and selling the Accused Products in the United States (Ex. 6).

18. Sears has infringed and continues to infringe the claims of the '151 Patent by using, offering for sale and selling the Accused Products in the United States (Ex. 7).

19. None of the Defendants have been granted a license under the '151 Patent.

20. Claim 1 of the '151 Patent sets forth an illustrative claim that is infringed by each of the Accused Products by each of the Defendants.

21. In accordance with claim 1 of the '151 Patent, all of the Accused Products are toy guns (launchers) that include means for launching a phosphor-containing projectile outwardly from the launcher, and means for exposing the projectile within the launcher to phosphorescence-activating radiation prior to the projectile leaving the launcher, whereby the projectile will phosphoresce as it leaves the launcher.

22. Products licensed under the '151 Patent by JRA and sold in the United States were properly marked with the patent number in accordance with 35 U.S.C. § 287(a), thus the Defendants received constructive notice of the '151 Patent at least as early as 2005 (Ex. 8).

23. On or around March 6, 2013, JRA provided actual notice to Maya that it needed a license under the '151 Patent for the Accused Products, such as its "Xploderz Night Fighterz" series (*e.g.*, models GEN-700 and GEN-1000) toy guns (Ex. 9).

24. On or around April 10, 2013, JRA provided actual notice to ToysRUs, Wal-Mart, Amazon, Target and Sears that they needed a license under the '151 Patent for the Accused Products (Ex. 10-14).

25. Defendants ToysRUs, Wal-Mart, Target and Sears did not respond, and Amazon sent an e-mail form letter reply (Ex. 15). Maya responded and JRA made a good-faith attempt to negotiate a reasonable royalty, but no agreement was reached by the parties.

26. Despite their knowledge of JRA's '151 Patent and their knowledge that the Accused Products were covered by the patent, Defendants have continued making and/or importing into the United States, and/or using, offering for sale and selling in the United States the Accused Products, in disregard to JRA's patent rights and without any reasonable basis to believe they had the right to do so. Therefore, Defendants' infringement has been and continues to be willful.

27. Defendants' infringing acts have caused and will cause continued damages to JRA in an amount to be proven at trial.

28. Defendants' continued acts of infringement will further cause immediate and irreparable harm to JRA for which there is no adequate remedy at law, and for which JRA is entitled to injunctive relief under 35 U.S.C. § 283.

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff demands:

    a) entry of judgment against the Defendants;

    b) a final and permanent injunction against the Defendants;

    c) an accounting for damages for the Defendants' infringement;

    d) actual damages in an amount to be determined;

    e) treble damages for Defendants' willful infringement;

    f) attorney fees pursuant to 35 U.S.C. § 285;

    g) interest and costs; and

    h) all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

**JCF RESEARCH ASSOCIATES, INC.**

By its Attorneys,

**AQUILLA PATENTS & MARKS PLLC**

Dated: May 10, 2013    By: /s/Thomas T. Aquilla

Thomas T. Aquilla
NH Bar ID No. 18693

Aquilla Patents & Marks PLLC
221 Coe Hill Rd.
Center Harbor, NH 03226-3605
Ph: (603) 253-9474
Fx: (603) 290-5577
e-mail: docket@aquillapatents.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading and attached exhibits have been mailed to each of the Defendants via U.S. Postal Service First Class Mail on **May 10, 2013**, in an envelope addressed, as follows:

Lawrence R. LaPorte, Counsel for **The Maya Group, Inc.**
Dickstein Shapiro LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067

David J. Schwartz, General Counsel and EVP
**Toys"R"Us**
One Geoffrey Way
Wayne, NJ 07470-2030

Karen Roberts, EVP & General Counsel
**Wal-Mart Stores, Inc.**
702 SW 8th Street
Bentonville, AR  72716-8611

David A. Zapolsky, VP, General Counsel & Corporate Secretary
**Amazon.com, Inc.**
410 Terry Avenue
North Seattle, WA  98109

Timothy R Baer, EVP, General Counsel and Corporate Secretary
**Target Corporation**
1000 Nicollet Mall
Minneapolis, NJ  55403

Dane A. Drobney, Sr. VP, General Counsel and Corporate Secretary
**Sears Holdings Corporation**
3333 Beverly Rd
Hoffman Estates, IL  60179

By: /s/Thomas T. Aquilla
Thomas T. Aquilla
NH Bar ID No. 18693